**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-2490

———————

MATTHEW JONES,
                              Appellant

v.

SUSSEX CORRECTIONAL INSTITUTE

———————————————————————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:16-cv-01321)
District Judge:  Honorable Richard G. Andrews

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2017
Before:  SHWARTZ, KRAUSE, and RENDELL, Circuit Judges

(Opinion filed:  December 5, 2017)

———————

OPINION[*]

———————

PER CURIAM

        Pro se appellant Matthew Jones, a Pennsylvania state prisoner proceeding in forma

pauperis, appeals from the District Court's order dismissing his amended complaint

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

pursuant to 28 U.S.C § 1915(e)(2)(B)(iii). For the reasons discussed below, we will affirm.

I.

Because we write primarily for the parties, who are already familiar with this case, we include only those facts necessary to reach our conclusion.

On December 14, 2016, Jones filed a complaint against the Family Court of Delaware in and for Sussex County. Jones alleged that his family members, court personnel, the police, and prison officials have subjected him to enslavement, identity theft, larceny, assault, attempted murder, rape, and other violations of his rights following his arrest for felony assault in 2014.[1] Jones brought claims under dozens of federal statutes and constitutional provisions, and sought two billion dollars in damages. The District Court dismissed the complaint, pursuant to 28 U.S.C § 1915(e)(2)(B)(iii), by reason of the Delaware state court's Eleventh Amendment immunity. The District Court gave Jones leave to amend the complaint.

On May 17, 2017, Jones filed an amended complaint that made the same allegations against a new defendant – the Sussex Correctional Institute in Georgetown, Delaware. Pursuant to 28 U.S.C § 1915(e)(2)(B)(iii), the District Court dismissed the amended complaint by reason of the state correctional institution's Eleventh Amendment immunity. The District Court again gave Jones leave to amend.

---

[1] Jones was detained for several days before the charges were eventually dismissed.

Rather than amend his complaint, Jones filed a notice of appeal to this Court, arguing that the Eleventh Amendment does not provide the states with immunity from suits by U.S. citizens. Jones argues that the Constitution eliminated state sovereign immunity, and that the Supreme Court's Eleventh Amendment precedent should be overruled. Jones further argues that several federal statutes have waived sovereign immunity here. Jones also argues that his amended complaint – against only one named defendant, the Sussex Correctional Institute – mentions the names of his family members and other individuals who are not immune from suit.

## II.

We have jurisdiction under 28 U.S.C. § 1291. [2] A complaint filed in forma pauperis under 28 U.S.C. § 1915(a) may be dismissed "at any time" if the District Court determines that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Whether a defendant is entitled to immunity is a question of law we review de novo. See Figueroa v. Blackburn, 208 F.3d 435, 439 (3d Cir. 2000). When reviewing a complaint dismissed under § 1915, this Court exercises plenary review. See Tourscher v. McCollough, 184 F.3d 236, 240 (3d Cir. 1999).

---

[2] Although dismissals without prejudice are typically not appealable, here the District Court's dismissal without prejudice is appealable because Jones stands on his complaint. See Borelli v. City of Reading, 532 F. 2d 950, 951 (3d Cir. 1976) (per curiam).

3

III.

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662–63 (1974). Eleventh Amendment immunity protects not only states but also state agencies, "as long as the state is the real party in interest." Fitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 659 (3d Cir. 1989) (en banc). A state's immunity under the Eleventh Amendment is "subject to three exceptions: 1) congressional abrogation, 2) state waiver [or consent], and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001).

Here, Jones has not cited any persuasive authority in support of his argument for overruling longstanding Eleventh Amendment precedent and the "structural basis of [state] sovereign immunity implicit in the constitutional design," Alden v. Maine, 527 U.S. 706, 730 (1999), and in any event, a Court of Appeals cannot overrule the Supreme Court. See also Hans v. Louisiana, 134 U.S. 1 (1890). Nor has Jones alleged any relevant facts in support of his argument that state sovereign immunity does not apply more specifically to the Sussex Correctional Institute.

The Sussex Correctional Institute is part of the Delaware Department of Correction, see generally 11 Del. C. § 6501 et seq., and therefore is an agency of the state immune from suit. See Fitchik, 873 F.2d at 659. Because no exception applies – Jones

has not brought suit under any statute that has abrogated state sovereign immunity,[3] Delaware has not consented to suit, and Jones has not brought claims against individuals, see MCI, 271 F.3d at 503 – the District Court properly dismissed the amended complaint under 28 U.S.C § 1915(e)(2)(B)(iii).  To the extent Jones argues that his complaint mentions the names of individuals, his remedy is not with this Court, but rather with the District Court, which explicitly gave Jones leave to amend his complaint and name individual defendants who would not be immune from suit.  Presently, no such individual is a party to this case.  See Fed. R. Civ. P. 4.

## IV.

Accordingly, we affirm the judgment of the District Court.  Jones' "Motion to Set Aside Judgment" is denied.

---

[3] Jones' amended complaint brings claims under a long list of nearly forty statutes. Almost all are under Title 18, and do not even provide for a private right of action, let alone a congressional abrogation of state sovereign immunity.  See, e.g., United States v. Philadelphia, 644 F.2d 187 (3d Cir.1980) (no private right of action under 18 U.S.C. §§ 241, 242) (overruled on other grounds); see generally Gonzaga v. Doe, 536 U.S. 273, 279–86 (only an unambiguously conferred right will support a cause of action).  In his brief, Jones cites to various statutes that he argues have waived state sovereign immunity. Most relate to waiver of the federal government's sovereign immunity.  See, e.g., 28 U.S.C. § 2671 (liability of the United States).  Those that include a waiver of state sovereign immunity have only waived immunity for claims that Jones has not brought here.  See, e.g., 15 U.S.C. § 1122 (waiving state sovereign immunity in certain trademark disputes).  Therefore, those citations are irrelevant to Jones' claims against the Delaware state correctional institution here.